MIE (Rev.04/18) Motion and Brief in Support

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA

Plaintiff(s),

Case No. 20-mj-30135; 20-mc-50585

v.

Judge Elizabeth A. Stafford

JYDE ADELAKUN and Touch of Fame Gr

Anthony P. Patti

Defendant(s).

_____/

**MOTION FOR**
ORDER(S) TO DISCLOSE, TO PRODUCE SUPPORTING AFFIDAVIT
DOCUMENTARY EVIDENCE, TO  ANSWER, AND TO SANCTION

I, Jyde Adelakun / Touch of Fame, appearing *pro se*, respectfully request that the Court order

The Officer(s) of the Attorney General, Mark Chasteen and Michael El Zein / Office of the
Attorney General of the United States, Eastern District Michigan, to disclose and produce all
the requested documentary evidence supporting the averrments or statements of the said
agent "JOHN KRAEMER" in his affidavits earlier before and of March 17th 2020, May 20th,
2020, June 16, 2020 and thereafter in these herein matters, the report complaint of Fifth
Third Bank in September 2018, the statement of Chika Obianwu of July 2019 to compare to
the agents affidavits of 2020, amongst others as referred to in the brief in support of this
motion, and to order and or sanction as requested in this motion and brief in support.

for the reasons that follow in the attached brief in support of this motion.

E.D. Mich. Local Rule 7.1 requires that the parties attempt to agree on what you are asking for in this motion

before filing it with the Court. Accordingly, I certify that:

☐  I contacted the opposing party/parties to explain my request. The opposing party/parties

_____ my request.

**OR**

☒  I attempted to contact the opposing party/parties by

email to the office of the Attorney General of the United States / Mark Chasteen via

mark.chasteen@usdoj.gov since August 24, 2021 through to September 10th 2021.

but was unable to discuss my request with the opposing party/parties.

MIE (Rev.08/2020) Motion and Brief in Support

WHEREFORE, I respectfully request that the Court grant this motion and order the requested relief.

Dated: September 10, 2021 _____

_____
Signature
JYDE ADELAKUN

_____
Printed Name
c/o D. Adedeji, 11300 Expo Blvd

_____
Street Address
San Antonio, TEXAS 78230

_____
City, State, and Zip Code
+971 50 662 1652

_____
Telephone Number

2

## BRIEF IN SUPPORT OF MOTION

## STATEMENT OF ISSUES PRESENTED

1.  Whether the Court should order:

    in the interest of Justice and Constitutional guaranteed substantial rights in the Constitution, in this matter under case(s) number 20-mc-50585 and or 20-mj-30135, compelling or directing the said officer(s) of the Attorney General of the United States of America, Mark Chasteen and Michael El-Zein / Office of the Attorney General of the United States of America, Eastern District Michigan, TO DISCLOSE AND PRODUCE TO THIS COURT AND TO THE DEFENDANT(S), BEFORE SEPTEMBER 15TH 2021, the supporting documentary report / evidence to the PROBABLE CAUSE to believe that Wire Fraud, Bank Fraud and or Conspiracy was COMMITTED against Worldpay by Touch of Fame Group or Jyde Adelakun or Chika Obianwu, under the registration of Touch of Fame Group as merchant with Worldpay, to processing 329 fraudulent checks, to making payment requests amongst others as ALLEGED AND REFERRED TO, there in the agents' sworn affidavits and affidavits made under oath before honorable Magistrate Judge(s) Elizabeth A. Stafford and Anthony P Patti on March 17th, 2020, May 20, 2020 and June 16th 2020 ?

    2.  in the interest of Justice and Constitutional guaranteed substantial rights in the Constitution, in this matter under case(s) number 20-mc-50585 and or 20-mj-30135, TO SANCTION as requested in this motion and the brief in support, SHOULD the said officers or office of the Attorney General fail to disclose and produce the requested documentary evidence in these matters BEFORE SEPTEMBER 15, 2021 ?

    3. in the interest of Justice and Constitutional guaranteed substantial rights in the Constitution, in this matter under case(s) number 20-mc-50585 and or 20-mj-30135, to grant SPEEDILY ON THE RETURN DATE OF SEPTEMBER 17TH 2021 WITHOUT FURTHER DELAY, all the motions and reliefs sought by the defendant(s) in these cases, where the said NULL and VOID ORDERS (Warrants) are UNCONSTITUTIONALLY in execution in these matters and UNCONSTITUTIONALLY provided to the United Arab Emirates authority to use against the Defendant(s) ?

    I, ALSO TO THIS MOTION, RELY ADDITIONALLY ON THE PREVIOUS MOTIONS, BRIEFS AND EXHIBITS THERETO FILED IN THESE MATTERS ON AUGUST 24, 2021, AUGUST 30, 2021, SEPTEMBER 02, 2021 AND SEPTEMBER 10, 2021.

## CONTROLLING OR MOST APPROPRIATE LEGAL AUTHORITY

(List any federal laws, court cases, court rules, etc., that support your request. This may include the Federal Rules of Civil Procedure and the Court's local rules.)

4TH, 5TH, 6TH AND 14TH AMENDMENTS OF THE CONSSTITUTION OF THE UNITED STATES OF AMERICA;

RULES 37 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE amongst other laws;

RULES 37 OF THE FEDERAL RULES OF CIVIL PROCEDURE;

DISCLOSURE OF EVIDENCE ACT OF 2012;

SEE "BRADY MATERIAL", U.S Supreme Court ruling in the case of BRADY v. MARYLAND

Where is its stated that, "Brady Material" MUST be turned over to the defense IN A TIMELY MANNER, whether the defense requests it or not..

See the U.S Supreme Court cases of NAPUE v. ILLINOIS of 1959;

BRADY v. MARYLAND of 1963; GIGLIO v. UNITED STATES of 1972; UNITED STATES v. AGURS of 1976; UNITED STATES v. BAGLEY of 1985; KYLES v. WHITLEY of 1995 and BANKS v. DRETKE of 2004.

See TURNER v. UNITED STATES (137 S. Ct. 1885, 2017),

WHEREAS IN THESE MATTERS IN THIS COURT, THE DEFENDANT HAS SHOWN WITH THE EXHIBITS PRODUCED (PARTICULARLY EXHIBIT "JA 5"), THAT THE UNDISCLOSED EVIDENCE THAT, TOUCH OF FAME GROUP REGISTERED AS MERCHANT WITH WORLDPAY AND THE TRANSACTION REPORTS - MELLON BANK, NEW YORK - AKKEGEDLY SHOWING THAT TOUCH OF FAME GROUP FRAUDULENTLY PROCESSED 329 ELECTRONIC CHECKS AND THAT THE ADVANCE PAYMENT REQUESTS WERE ALLEGEDLY MADE BY TOUCH OF FAME GROUP, AMONGST OTHERS ALLEGED IN THE SAID AFFIDAVITS OF AGENT JOHN KRAEMER. PREJUDICED THE DEFENDANT(S), TO HAVE UNCONSTITUTIONALLY VIOLATED THE RIGHTS GUARANTEED UNDER THE 4TH, 5TH, 6TH AND 14TH AMENDMENTS, WHERE THE ARREST WARRANTS AND SEIZURE WARRANTS WERE OBTAINED OR GRANTED ON THE FALSE MISREPRESENTATIONS, DECEITFUL STATEMENTS, DELIBERATE UNTRULY FACTS AND RECKLESS DISREGARD FOR THE TRUTH AND KNOWINGLY UNTRUE ALLEGATIONS CONTAINED IN THE CONTRADICTORY SWORN AFFIDAVITS OF JOHN KRAEMER DATED MARCH 17, 2020, MAY 20, 2020, JUNE 16, 2020 AND THEREAFTER, UNDER OATH, AIDED, ABETTED, SUPPORTED AND OR CONSPIRED IN COLLABORATION WITH THE OFFICE OF THE ATTORNEY GENERAL OF THE UNITED STATES, EASTERN DISTRICT MICHIGAN.

## ARGUMENT

(Explain why request should be granted. State how any rules, statutes, or cases support your request. You may also refer to documents to support your request. These documents should be attached as exhibits, unless they were previously filed with the Court.)

I, ALSO TO THIS MOTION, RELY ADDITIONALLY ON THE PREVIOUS MOTIONS, BRIEFS AND EXHIBITS THERETO FILED IN THESE MATTERS ON AUGUST 24, 2021, AUGUST 30, 2021, SEPTEMBER 02, 2021 AND SEPTEMBER 10, 2021. SEE ALSO ATTACHED.

ANSWERS TO QUESTION 1, 2 AND 3 ISSUES
The 14th amendment of the United States Constitution gives everyone a right to due process of law and equal protection of the law, which includes order, decisions, judgment, warrant(s) inter alia, THAT COMPLY WITH THE RULES AND CASE LAW.

"Courts are constituted by authority and they cannot go beyond that power delegated to them. If they act beyond that authority, and certainly in contravention of it, their judgments or orders are regarded as nullities; they are not voidable, but simply void, and this even prior to reversal." (see WILLIAMSON v. BERRY, 8 HOW. 945, 540 12 L. Ed. 1170, 1189 [1850]).

It is settled law that, whether the defendant (defense) requests it or NOT, the officer(s) of the attorney general (prosecutors), MUST disclose "BRADY MATERIAL" TIMELY to the defendant(s) (defense) and that the FAILURE to do so, SUCH MATERIAL is a 'brady material" to the defense (Defendant), AND THAT THE FAILURE TO DISCLOSE such material, IS A "BRADY VIOLATION", a violation of the Constitution of the United States of America.

See the Supreme Court case of Brady v. Maryland of 1963 and others relied on above;

I respectfully and humbly submit and urge this honorable court so to hold that, FAILURE of the office of the Attorney General in these matters and or FAILURE of Mark Chasteen and or Michael El-Zein and or agent "JOHN KRAEMER, to TIMELY disclose or produce the supporting evidence of the facts alleged in the affidavis in these matters and or FAILURE to disclose or produce the withheld EXCULPATORY supporting evidence in these matters (Whether the defendant request it or not), that led to the probable cause to believe the facts alleged in the affidavits of agent John Kraemer to obtaining and granting the orders warrants, TO VIOLATING THE CONSTITUTIONAL RIGHTS TO LIBERTY, PROPERTY, EQUAL PROTECTION AND DUE PROCESS OF THE LAW - (that WHICH ITS DISCLOSURE could impact the decision or orders or warrants in these matters in favor of the defendant(s), to be rejected or voided or impeached or dismissed or vacated), - TIMELY TO THE DEFENDANTS and or TO THIS Court, IS A VIOLATION OF THE CONSTITUTION OF THE UNITED STATES, AND THEREFORE ARE NULL AND VOID.

And further to hold that Constitutional issue(s) are substantial issues in these matters, for this Court to grant all the motions of the Defendant(s) and all the reliefs sought pursuant Rule 37 (a) (3) of the Federal Rules of Criminal Procedure. See  FISHER v. BAKER, 203 U.S. 174, 181 1906

WHEREFORE, I respectfully request that the Court grant the motion.

Dated: September 10, 2021
_____

_____
Signature
JYDE ADELAKUN
_____
Printed Name
c/o D. Adedeji, 11300 Expo Blvd
_____
Street Address
San Antonio, TEXAS 78230
_____
City, State, and Zip Code
+971 50 662 1652
_____
Telephone Number

MIE (Rev.08/2020) Motion and Brief

### CERTIFICATE OF SERVICE

I certify that on this date _Sept 10, 2021_____, I mailed by United States Postal Service this document to

the following:

   VIA EMAIL TO MARK.CHASSTEEN@USDOJ.GOV:  MICHAEL.EL-ZEIN@USDOJ.GOV

I alreadily filed and sent via the email, the contents of the previous brief of argument in support of the motion(s) as well as the exhibits of 121 pages as mentioned or referred to herein.

Dated: _September 10, 2021_____

_____

Signature

JYDE ADELAKUN

_____

Printed Name

 c/o D. Adedeji, 11300 Expo Blvd

_____

Street Address

 San Antonio, TEXAS 78230

_____

City, State, and Zip Code

 +971 50 662 1652

_____

Telephone Number

7

**BRIEF IN SUPPORT OF MOTION**                                        1

Case numbers : 20-mj-30135
: 20-mc-50585-2
: 20-mc-50585-1

I Jyde Adelakun", hereby depose and state as follows under oath that:

1. I am a male, Chief Executive Officer of Touch of Fame Group registered in November 2010 in the state of Georgia in the United States of America, as well as the Chief Executive Officer of TOF Energy Corporation that was registered in the state of Georgia in 2013 and I am currently a resident of South Africa with African ethnic decent. I attach hereunto the <u>certified copies of the certificates of incorporation</u> of the said two (2) separate corporations as exhibit ***"JA 0" (already filed with court).***

2. By virtue of my position, I am duly authorized to make and depose to this brief amongst others, on behalf of Touch of Fame Group and myself, and the facts contained herein are within my personal knowledge or belief, unless the contrary appears from the context, and are to the best of my knowledge and belief, to be true and correct.

3. These matters before this court raise substantial Constitutional issues relating to the Constitutional violations amongst others, and to / over which this court is competent on the ground of ***<u>Rule 37 (a)(3</u>***) of the Federal Rules of Criminal Procedure amongst other Constitutional provisions and law of the United States, to adjudicate and grant the Defendant(s) motions and reliefs sought, in response to the Defendant(s)'s Motions filed on August 24, 2021 through to this day September 10, 2021;

4. It is without doubt that the office of the Attorney General of the United States, Eastern District Michigan, are readily in possession of the said affidavits of the special agent(s) "John Kraemer" amongst others, before judicial assistance was made from the said office of the Attorney General, via the Department of Justice Office of International Affairs, **on June 19ᵗʰ 2020**, to the Central Authority of the United Arab Emirates;

5. On September 05ᵗʰ / 06ᵗʰ, 2021, I made a request, via the email addresses mark.chasteen@usdoj.gov and Michael.el-zein@usdoj.gov to the office of the said Attorney General, requesting for the ***<u>root genesis "HEARSAY" complaint</u>*** made by the Fifth Third bank to the United States Secret Service, as referred to in paragraph 5 of the said agent "John Kraemer's" affidavit of March 17ᵗʰ 2020 *(exhibit "JA 1" already filed)*. I attach hereunto the said email request sent to the said attorney general's office as exhibit ***"JA 7";***

6. Until this day, there's still not yet any response from the said office of the Attorney General. The request for the genesis root of <u>false "**HEARSAY"** complaint</u> is very crucial to these matters for the further establishment of the incompetence of the agents of the USSS and the said office of the Attorney General, as well as to establish further how this court has being misled and imposed upon to believe it has the Jurisdiction to granting the arrest warrants, seizure warrants amongst others that resulted in these matters under case numbers 20-mj-30135 and 20-mc-50585;

7. Also in the paragraphs of the said affidavits of agent "John Kraemer" dated March 17th 2020, May 20th 2020, and June 16th 2020 through to this day, the said agent referred to Touch of Fame Group as the Merchant registered with Worldpay, and that under Touch of Fame Group being the registered Merchant with Worldpay, 329 fraudulent electronic checks were processed allegedly by Touch of Fame Group or Myself or by Chika Obianwu, and further referred to MELLON BANK, NEW YORK, BUT YET, NO TRANSACTION REPORTS THAT REFLECT THE NAMES OF TOUCH OF FAME GROUP AS MERCHANT, OR MYSELF (JYDE ADELAKUN) AMONGST OTHER RELATED ALLEGATIONS WERE PRODUCED TO THE DEFENDANT(S);

8. In lieu of the above, it is in the interest of Justice and Constitutional right to fairness in proceedings, equal protection of the law and due process of the law and public policy, *that this court is brought up to speed with all information to assisting this court to coming to the decision fairly, **as well as**, for this court to compel and or order and or direct the office of the Attorney General of the United States of America, Eastern District, Michigan, to speedily release or produce to this court and to the defendant(s), all the supporting documents with the information referred to in the said agent "John Kraemer's" affidavits, that led to the probable cause to believe that Touch of Fame Group registered as Merchant with Worldpay and that under that registration as merchant that Touch of fame Group or Jyde Adelakun or Chika Obianwu fraudulently processed 329 electronic checks, designated Fifth Third Bank account to Worldpay, transaction report with mellon bank, payment from Worldpay to Citizens bank, arrest of Jyde Adelakun in London, Adelakun association with YAHOO BOYS, initial complaint from Fifth Third bank in September 2018, Chika Obianwu's statement of July 2019 amongst others referred to in the said agent's "JK" affidavits;*

9. I also annex herewith the said agent's affidavits of complaint dated May 20th 2020, containing false contradictory misrepresentation of facts, reckless disregard for the truth amongst other fraudulent allegations, as exhibit ***"JA 8"***;

10. ***WHEREFORE,*** I respectfully and humbly submit to this honorable court for such order(s) compelling and or directing the said officer(s) / office of Attorney General of the United States, Eastern District Michigan, Mark Chasteen and or Michael El-Zein to *forthwith produce the said supporting documentary evidence of the facts alleged* in the *said agent(s) affidavits* in these matters ***before September 15th 2021***, and that *their failure to do so as directed by this court, shall this court deem that such probable cause to believe that Touch of Fame Group was registered as merchant with Worldpay, to have fraudulently processed 329 electronic checks under such*

*registration amongst others*, DO NOT EXIST AND THE COMPLETE WARRANTS RELATED TO THESE SAID AFFIDAVITS AND EVERY OTHER MATERIAL OR INFORMATION OR DOCUMENTARY EVIDENCE, ACQUIRED OR OBTAINED AND OR GATHERED AS RESULT(S), ARE NULL AND VOID;

11. I respectfully and humbly submit and urge this honorable court, to SPEEDILY grant all the motions and reliefs sought by the defendant(s) in these cases under 20-mj-30135 and 20-mc-50585;

12. FURTHER WHEREFORE, I respectfully urge this court to order as deemed appropriate in the duty to serving and protecting the Constitutional Provisions under the 4th, 5th, 6th and 14th Amendments of the Constitution and the laws of the United States of America.

_____

Jyde Adelakun (Pro Se Filer / Litigant)
And on behalf of / in the interest of Myself and Touch of Fame Group

I certify that I have notified the plaintiff(s) at the office of the Attorney General of the United States of America via the electronic email mark.chasteen@usdoj.gov and Michael.el-zein@usdoj.gov on and prior this day September 10th 2021, with copies of the motions, briefs in support and the exhibits thereto, from August 24th 2021, August 30th 2021 and September 02nd 2021, through to this day but yet was unable to discuss my requests amongst others. I further as well sent the via courier post this day September 10th 2021.

_____
Signature

Jyde Adelakun and on behalf of Touch of fame Group
------------------------------------------------------------------------
Name of Filer *(Pro Se Litigant)*

Date: September 10th 2021

Telephone: +971 50 662 1652 or +1 830 273 1366

Address: 11300 Expo Blvd, #1013, San Antonio, TEXAS 78230

Email: adeljyde@gmail.com

*"JA 7"*

 **Gmail**                                          **Jyde Adel <adeljyde@gmail.com>**

---

## URGENT REQUEST AND NOTIFICATION

---

**Jyde Adel** <adeljyde@gmail.com>                              Mon, Sep 6, 12:11 AM
To: mark.chasteen@usdoj.gov <mark.chasteen@usdoj.gov>, michael.el-zein@usdoj.gov
<michael.el-zein@usdoj.gov>
Cc: legal@touchoffamegrp.com <legal@touchoffamegrp.com>
Bcc: contact@touchoffamegrp.com <contact@touchoffamegrp.com>

The United States Attorney's Office.                              September 05, 2021
Eastern District of Michigan
Detroit, MICHIGAN

Dear Mark Chasteen / Michael El Zein,

URGENT REQUEST FOR THE COPIES OF THE INITIAL GENESIS CASE REPORT MADE BY
FIFTH THIRD BANK TO THE LAW ENFORCEMENT OFFICER(S) IN THESE MATTERS THAT
LED TO THE ARREST OF CHIKA OBIANWU AND GAVE BIRTH TO THE INVOLVEMENT OF
YOUR OFFICE AND THE REST THAT FOLLOWED.

I hereby request for the above copies as referenced and further to inform you that copy
of this email shall be used as evidence in the court proceedings on these matters.

John Kraemer averred in his affidavit of complaint that it was Fifth Third bank report of
September 2018 that gave birth to these matters FYI.

Awaiting your soonest response.

Regards

Jyde Adelakun

*"JA  8"*

*DOCUMENT Case 2:20-mc-50585-SJM  ECF No. 23-6, PageID.357 Filed 09/10/21 Page 14 of 51 Page: 1

# U.S. District Court
# Eastern District of Michigan (Detroit)
## CIVIL DOCKET FOR CASE #: 2:20-mc-50585-SJM
## Internal Use Only

Search/Seizure Warrant
Assigned to: District Judge Stephen J. Murphy, III
Cause: No cause code entered

Date Filed: 05/20/2020
Jury Demand: None
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: Federal Question

**In Re**

**Search/Seizure Warrant**

**Plaintiff**

**United States of America**


V.

**Defendant**

**Jyde Adelakun**
c/o D. Adedeji
11300 Expo Blvd
No. 1013
San Antonio, TX 78230
971 50 662 1652

| Date Filed | # | Docket Text |
|---|---|---|
| 05/20/2020 | 1 | *SEALED* APPLICATION AND AFFIDAVIT for Seizure Warrant for Financial Account. Seizure warrant issued. [DESIGNATION: 1] Signed by Magistrate Judge Elizabeth A. Stafford. (NAhm) (Entered: 05/20/2020) |
| 05/20/2020 | 2 | *SEALED* ORDER WITH MOTION to Seal 1 Application and Affidavit for Search Warrant. Signed by Magistrate Judge Elizabeth A. Stafford. (NAhm) (Entered: 05/20/2020) |
| 05/20/2020 | 3 | *SEALED* APPLICATION AND AFFIDAVIT for Seizure Warrant for Financial Account. Seizure warrant issued. [DESIGNATION: 2] Signed by Magistrate Judge Elizabeth A. Stafford. (NAhm) (Entered: 05/20/2020) |
| 05/20/2020 | 4 | *SEALED* ORDER WITH MOTION to Seal 3 Application and Affidavit for Search Warrant. Signed by Magistrate Judge Elizabeth A. Stafford. (NAhm) (Entered: 05/20/2020) |
| 06/16/2020 | 5 | *SEALED* AMENDED APPLICATION AND AFFIDAVIT for Search |

*DOCUMENT...Case 2:20-mc-50585-SJM  ECF No. 13-6, PageID.358  Filed 09/10/21  Page 15 of 51...Page: 2

| | | Warrant for Financial Account from Emirates Islamic Bank. Search warrant issued. [DESIGNATION: 1] Signed by Magistrate Judge Anthony P. Patti. (SOso) (Entered: 06/17/2020) |
|---|---|---|
| 06/16/2020 | 6 | *SEALED* ORDER WITH MOTION to Seal 5 Application and Affidavit for Search Warrant. Signed by Magistrate Judge Anthony P. Patti. (SOso) (Entered: 06/17/2020) |
| 08/24/2021 | 7 | NOTICE OF APPEAL by Jyde Adelakun re 4 Order. Fee Status: IFP. (DPer) (Entered: 08/25/2021) |
| 08/24/2021 | 8 | APPLICATION to proceed without prepaying fees or costs on appeal by Jyde Adelakun. (DPer) (Entered: 08/25/2021) |
| 08/24/2021 | 10 | MOTION for extension of time, to vacate, or set aside or impeach by Jyde Adelakun. (DPer) (Entered: 08/25/2021) |
| 08/25/2021 | 9 | Certificate of Service re 7 Notice of Appeal. (DPer) (Entered: 08/25/2021) |

AUSA Michael El-Zein (313) 226-9770
SA John Kraemer (202) 573-1540

# United States District Court

## EASTERN DISTRICT OF MICHIGAN

In the Matter of the Seizure of

**APPLICATION FOR
SEIZURE WARRANT**

**Any and all funds on deposit in BNF Bank Emirates, Islamic Bank, Dubai, UAE Account Number AE14034003707430528001 held in the name of Adel Mohammed Al Qasemi Adv & Legal up to and including the sum of Six Hundred Eighty-Five Thousand, Five Hundred Dollars and no cents ($685,500.00) and all proceeds traceable thereto.**

Case: 2:20−mc−50585-1
Assigned To : Murphy, Stephen J., III
Assign. Date : 5/20/2020
Description: SEALED MATTER (MAW)

I, John Kraemer, being duly sworn depose and say:

I am a Special Agent with the United States Secret Services (USSS) and have reason to believe that there is now certain property which is subject to forfeiture to the United States, namely

**Any and all funds on deposit in BNF Bank Emirates, Islamic Bank, Dubai, UAE Account Number AE14034003707430528001 held in the name of Adel Mohammed Al Qasemi Adv & Legal up to and including the sum of Six Hundred Eighty-Five Thousand, Five Hundred Dollars and no cents ($685,500.00) and all proceeds traceable thereto.**

Which is subject to forfeiture to the United States of America under 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982(a)(1), and 28 U.S.C. § 2461(c).

The facts to support a finding of Probable Cause for issuance of a Seizure Warrant are as follows:

**See attached affidavit**

Continued on the attached sheet and made a part hereof.      _X_ yes          _____ no

_J.R. Kraemer_
_____
Signature of Affiant

Sworn to before me and subscribed in my presence
And/or by reliable electronic means.

May 20, 2020                    at
_____
Date

Detroit, Michigan
_____

Honorable Elizabeth A.Stafford
**U.S. Magistrate Judge**

_Elizabeth A. Stafford_
_____
**Signature of Judicial Officer**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

**UNDER SEAL**

SEIZURE WARRANT AFFIDAVIT

**The following facts are sworn to by Affiant in support of the issuance of this Seizure Warrant:**

I, John Kraemer, being first duly sworn, hereby depose and say:

Affiant is a Special Agent with the United States Secret Service in Detroit, Michigan and has been employed in that capacity since March 2018. Affiant is currently assigned to fraud and cyber-crimes. Affiant's duties and responsibilities as a Special Agent include investigating violations of the United States Code concerning bank fraud and cyber investigations. Affiant has conducted numerous criminal investigations and more specifically, has been trained in the methods and traits commonly associated with bank and computer fraud. The information contained in this affidavit is based on Affiant's training, experience, and participation in financial crime investigations, as well as from personal observations during the course of this investigation. Information was also provided by law enforcement officers, bank investigators, and others who have personal knowledge of the events and circumstances described herein.

**PROPERTY FOR SEIZURE**

1.	This affidavit in is in support of seizure warrant for the following:

   a) all funds up to $3,290,000.00 in the Mashreq Bank, Dubai, United Arab Emirates ("UAE") Account #AE250330000019100172026 ("**Mashreq Bank 2026**"). The account holder is listed to P.Y.A Mwenze; and

1

b) all funds up to the amount of $685,500.00 in the BNF Bank Emirates, Islamic

Bank, Dubai, UAE Account # AE14034000370743052800 1 ("**BNF 8001**").

The account holder is listed as Adel Mohammed Al Qasemi Adv & Legal

(collectively, "Target Accounts").

2.      As set forth below, there is probable cause to believe that the funds contained in

the Target Accounts are subject to criminal forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C) and

28 U.S.C. § 2461(c), on the grounds that they contains property that constitutes or is derived

from proceeds traceable to violations of 18 U.S.C. § 1343, Wire Fraud.

3.      In addition, there is probable cause to believe that the funds contained in the Target

Accounts are subject to criminal forfeiture pursuant to 18 U.S.C. § 982(a)(1), on the grounds that

they constitute or are derived from proceeds traceable to violations of 18 U.S.C. §§ 1956 and

1957, and/or constitute property involved in money laundering in violation of 18 U.S.C. §§ 1956

and 1957.

## APPLICABLE CRIMINAL AND FORFEITURE STATUTES

4.      18 U.S.C. § 1343 makes it unlawful for anyone having devised or intending to

devise any scheme or artifice to defraud, or for obtaining money or property by means of false or

fraudulent pretenses, representations, or promises, to transmit, or cause to be transmitted by

means of wire, radio, or television communication in interstate or foreign commerce, any

writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice.

5.      18 U.S.C. § 1956(a)(1)(A)(i) makes it unlawful for anyone, knowing that the

2

property involved in a financial transaction represents the proceeds of some form of unlawful activity, to conduct or attempt to conduct a financial transaction with those funds with the intent to promote the carrying on of a specified unlawful activity.

6.     18 U.S.C. § 1956(a)(1)(B)(i) makes it unlawful for anyone, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, to conduct or attempt to conduct such a financial transaction which, in fact, involves the proceeds of specified unlawful activity, knowing that the transaction is designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds.

7.     18 U.S.C. § 1957 makes it unlawful for any person to knowingly engage or attempt to engage in a monetary transaction in criminally derived property of a value greater than $10,000 if the property is, in fact, derived from specified unlawful activity.

8.     18 U.S.C. § 981(a)(1)(C), together with 28 U.S.C. § 2461, provides for criminal forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of a specified unlawful activity, including Wire Fraud in violation of 18 U.S.C. § 1343.

9.     18 U.S.C. § 982(a)(1) provides for criminal forfeiture of any property involved in, or traceable to property involved in, a violation of 18 U.S.C. §§ 1956, 1957, or 1960.

10.    There is probable cause to believe that a protective order pursuant to 21 U.S.C. § 853(e) may not be sufficient to assure the availability of the funds in the accounts listed above for criminal forfeiture due to the dangers inherent in the movement of electronic funds and the

3

possibility that the accounts will become depleted or encumbered by the financial institutions involved or third parties.

11.    18 U.S.C. § 982(b)(1), 21 U.S.C. § 853(l), and 28 U.S.C. § 1355(d) authorize the seizure of property located outside of the district where the warrant is being issued.

## FACTS SUPPORTING PROBABLE CAUSE

12.    This affidavit is based on information your affiant developed during this investigation and information supplied from multiple sources, including, but not limited to: financial records, other law enforcement officers/agents, financial analysts, and bank investigators.

13.    Research by your affiant shows that Chika Obianwu is listed as the Chief Financial Officer of Touch of Fame Group Company.  According to open source research, the business address is listed as 400 Renaissance Center, Suite 2600, Detroit, MI 48243, but they also have a business address in Grosse Pointe, Michigan.  Oyeniran Oyewale, who has a residence in Rhode Island, is listed as the Secretary.  A further check shows that the Touch of Fame Detroit address is actually listed to Brown Box Branding, with a telephone number of 313-241-6742.  Your affiant has not found any evidence that Touch of Fame Group Company has a business at this address.

14.    Chika Obianwu opened a series of bank accounts: Fifth Third bank account number 7916696656, held in the name of Touch of Fame Group Company ("Fifth Third 6656"); and Fifth Third Bank account number 7915712405, held in the name of Touch of Fame Group

4

Company ("Fifth Third 2405"). These accounts were opened to receive funds directly through Vantiv Worldpay and/or had funds deposited between these accounts which can be traced back to Vantiv Worldpay from this fraud scheme. Vantiv Worldpay is a payment processing company that has offices throughout this country and the world. According to their website information, Vantiv processes payments for merchants and financial institutions, and also provides other business to business consumer services.

15. Obianwu committed this fraud scheme by using a fictitious account at the Bank of New York Mellon. Your affiant has learned that Obianwu was able to use this fraudulent account to run payments through the Vantiv Worldpay merchant account system and then have those payments deposited into the above mentioned bank accounts. As mentioned previously, Obianwu is listed as the Chief Financial Officer of Touch of Fame Group which has a business address of 1312 Berkshire Rd., Grosse Pointe, MI 48230. Touch of Fame Group also lists an individual, identified as Jyde Adelakun, as the CEO. Touch of Fame also has an additional business address listed at 100 Bull St., Suite 400, Savannah, Georgia.

16. Your affiant has learned that Touch of Fame Group has run approximately 329 fraudulent electronic checks through an electronic check processing terminal which is also registered in Georgia. The terminal in question has the same listed address in Georgia as the Touch of Fame Group business address, 100 Bull St., Suite 400, Savannah, Georgia. Your affiant has further learned that the registered owner of this check cashing terminal is a victim of identity theft.

5

17.     From August 14 – August 31, 2018, the electronic checks processed through this terminal totaled approximately $46 million dollars.

18.     The checks were processed through Vantiv Worldpay which is partially owned by Fifth Third Bank.  Obianwu, using the Touch of Fame business account, found a loophole in the electronic processing system of Vantiv Worldpay to commit this fraud with Adelakun and others. It takes Vantiv Worldpay six days to process electronic checks and verify that the funds are available.  Fifth Third would credit the accounts of the electronic check deposits in less than six days.  If a check was ultimately determined to be fraudulent by Vantiv Worldpay, the chargeback does not occur until the sixth day.

19.     The three Fifth Third accounts mentioned above were solely used by Obianwu to conduct the 329 fraudulent transactions.  Once the funds were in the account and available (but before the six day window was up that would determine they were fraudulent) Obianwu would authorize multiple wire transfers to the financial institutions mentioned above in this affidavit, as well as to financial institutions overseas.  Out of the $46 million dollars of fraudulent electronic checks that were attempted, approximately $15.3 million dollars of funds were illegally obtained by Obianwu, Adelakun, and others associated with Touch of Fame Group.  Your affiant further notes that Adelakun was a USSS subject in a similar fraud in 2015 with Bank of America accounts.  Adelakun, who resides in South Africa, was originally arrested in London, England, but was subsequently released.

## Financial Investigation

## Fifth Third 6656

20.     On June 19, 2018, Chika Chinwe Obianwu, opened a checking account (Fifth

Third bank account number 7916696656) held in the name of Touch of Fame Group Company at

Fifth Third Bank at the Grosse Point Park, Michigan branch with a $100.00 deposit ("Fifth Third

6656").  Obianwu opened the checking account in the name of Touch of Fame Group Company

and is the only individual on the signature card.

21.     A review of bank records of this account by your affiant does not show any

deposits from Vantiv Worldpay during the months of June and July 2018.  In August 2018, your

affiant notes that 8 deposits totaling approximately $10,442,689.25.  All of these deposits were

made into Fifth Third 6656 from Vantiv Worldpay.  In total, $10,442,689.25 was deposited into

Fifth Third 6656.

| DATE | AMOUNT |
|---|---|
| 8/16/2018 | $349,591.25 |
| 8/17/2018 | $30,323.50 |
| 8/20/2018 | $980,913.00 |
| 8/22/2018 | $1,267,237.00 |
| 8/24/2018 | $1,567,989.75 |
| 8/27/2018 | $1,541,539.25 |
| 8/28/2018 | $2,856,937.00 |
| 9/30/2018 | $1,848,158.50 |
| **TOTAL** | **$10,442,689.25** |

22.      Your affiant has also reviewed bank records from Fifth Third 6656 for the month of September 2018.  A review of these records shows that two deposits were made from Vantiv Worldpay to Fifth Third 6656.  The first deposit occurred on September 5, 2018, in the amount of $2,275,361.75.  The second deposit occurred on September 6, 2018, in the amount of $2,583,115.25.  The total of these two deposits from Vantiv Worldpay into Fifth Third 6656 totals approximately $4,858,477.00.  Your affiant notes that every one of these deposits made from Vantiv Worldpay by Obianwu was fraudulent.

23.      In total, Fifth Third 6656 received approximately $10.4 million in fraudulent transfers from Vantiv Worldpay.

24.      Your Affiant notes that on July 10, 2019, Obianwu gave a voluntary signed statement to USSS Agents.  In the statement, Obianwu detailed how she set up the bank accounts at the request of Adelakun and that each transfer made by Obianwu was made as a result of instructions provided by Adelakun.  Obianwu advised that Adelakun told her he was involved in the diamond excavating and oil business and needed her to set up accounts in Michigan as part of his business, Touch of Fame.   Additionally, your affiant reviewed text messages from Obianwu's cellphone on a platform identified as "WhatsApp."  Messages on here between Adelakun and Obianwu confirm that Adelakun was providing instructions to Obianwu regarding where to wire the fraudulent funds to as well as the amounts.

## Fifth Third 2405

**25.** As part of this investigation, your affiant has also reviewed bank records from Fifth Third Bank account number 7915712405, held in the name of Touch of Fame Group Company ("Fifth Third 2405"). The account was opened on July 20, 2018, in the name of Touch of Fame Group Company. Chika C. Obianwu is the sole signatory on this account. The account was opened with an initial deposit of $100.00 and there was no other activity in this account for the month of July 2018.

**26.** Bank records reveal that there were approximately 13 deposits from Fifth Third 6656 to Fifth Third 2405 totaling approximately $7,254,000.00 during the month of August 2018. Your affiant believes that Obianwu transferred the money from Fifth Third 6656 to Fifth Third 2405 to help disguise these proceeds from her fraud scheme. The below chart lists the transfers from Fifth Third 6656 to Fifth Third 2405:

| DATE | FROM | AMOUNT | TO |
|---|---|---|---|
| 8/16/2018 | Fifth Third 6656 | $235,000.00 | Fifth Third 2405 |
| 8/17/2018 | Fifth Third 6656 | $11,000.00 | Fifth Third 2405 |
| 8/20/2018 | Fifth Third 6656 | $100,000.00 | Fifth Third 2405 |
| 8/20/2018 | Fifth Third 6656 | $740,000.00 | Fifth Third 2405 |
| 8/21/2018 | Fifth Third 6656 | $68,000.00 | Fifth Third 2405 |
| 8/22/2018 | Fifth Third 6656 | $1,000,000.00 | Fifth Third 2405 |
| 8/24/2018 | Fifth Third 6656 | $700,000.00 | Fifth Third 2405 |
| 8/27/2018 | Fifth Third 6656 | $50,000.00 | Fifth Third 2405 |
| 8/27/2018 | Fifth Third 6656 | $1,500,000.00 | Fifth Third 2405 |
| 8/28/2018 | Fifth Third 6656 | $100,000.00 | Fifth Third 2405 |
| 8/28/2018 | Fifth Third 6656 | $2,500,000.00 | Fifth Third 2405 |

| | | | |
|---|---|---|---|
| 8/30/2018 | Fifth Third 6656 | $200,000.00 | Fifth Third 2405 |
| 8/31/2018 | Fifth Third 6656 | $50,000.00 | Fifth Third 2405 |
| | | **TOTAL** | **$7,254,000.00** |

27.     In September, your affiant notes that there were three transfers from Fifth Third

6656 to Fifth Third 2405 totaling approximately $4,750,000.00.

| DATE | FROM | AMOUNT | TO |
|---|---|---|---|
| 9/05/2018 | Fifth Third 6656 | $2,200,000.00 | Fifth Third 2405 |
| 9/06/2018 | Fifth Third 6656 | $2,500,000.00 | Fifth Third 2405 |
| 9/10/2018 | Fifth Third 6656 | $50,000.00 | Fifth Third 2405 |
| | | **TOTAL** | **$4,750,000.00** |

28.     Bank records for the month of August 2018 show that there were 24 outgoing

wires from Fifth Third 2405 totaling approximately $7,388,923.00.  Your affiant has learned that

a majority of these outgoing wires went to international destinations, including, but not limited

to; Cape Town, Africa, Lagos, Nigeria, and Dubai, UAE.

**Mashreq Bank 2026**

29.     A review of bank records of this account by your affiant shows that there were

three transfers from Fifth Third 2405 into **Mashreq Bank 20206** between August 22, 2018, and

September 5, 2018, totaling $3,290,000.00.  As noted above, Fifth Third 2405 was opened by

Obianwu at the direction of Adelakun.  Your affiant believes that Obianwu transferred the money

from Fifth Third 2405 to **Mashreq Bank 2026** help disguise these proceeds from the ongoing

fraud scheme.  The charts below show the details of these wire transfers:

10

| DATE | FROM | AMOUNT | TO |
|---|---|---|---|
| 8/22/2018 | Fifth Third 2405 | $865,000.00 | PYA Mwenze / **Mashreq Bank 2026** |
| 8/28/2018 | Fifth Third 2405 | $1,560,000.00 | PYA Mwenze / **Mashreq Bank 2026** |
| 9/05/2018 | Fifth Third 2405 | $865,000.00 | PYA Mwenze / **Mashreq Bank 2026** |
| | | **Total** | **$3,290,000.00** |

30. Your affiant knows through his experience and training that these types of bank frauds often involve the subjects transferring their illegal proceeds to banks overseas where the likelihood of recovery of those funds by law enforcement and/or U.S. banks is highly unlikely. Your affiant believes Obianwu's and Adelakun's pattern of activity with the transfer of funds is consistent with this illegal activity.

## BNF Bank 8001

31. A review of bank records of this account by your affiant shows that there was one transfer from Fifth Third 2405 into **BNF Bank 8001** in August 2018 for $685,500.00. As noted above, Fifth Third 2405 was opened by Obianwu at the direction of Adelakun. Your affiant believes that Obianwu transferred the money from Fifth Third 2405 to **BNF Bank 8001** to help disguise these proceeds from the ongoing fraud scheme. The chart below show the details of this wire transfer:

| DATE | FROM | AMOUNT | TO |
|---|---|---|---|
| 8/30/2018 | Fifth Third 2405 | **$685,500.00** | Adel Mohammed Al Qasemi / **BNF Bank 8001** |

11

32.     Your affiant knows through his experience and training that these types of bank frauds often involve the subjects transferring their illegal proceeds to banks overseas where the likelihood of recovery of those funds by law enforcement and/or U.S. banks is highly unlikely. Your affiant believes Obianwu's and Adelakun's pattern of activity with the transfer of funds is consistent with this illegal activity.

## CONCLUSION

33.     Based on the information contained in this affidavit, I respectfully request that the Court issue a warrant to seize the following accounts for criminal forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982(a)(1), and 28 U.S.C. § 2461(c):

    a)  all funds up to $3,290,000.00 in the Mashreq Bank, Dubai, UAE, Account #AE250330000019100172026; and

    b)  all funds up to the amount of $685,500.00 in the BNF Bank Emirates, Islamic Bank, Dubai, UAE, Account # AE140340003707430528001.

## REQUEST FOR SEALING

34.     It is respectfully requested that this Court issue an order sealing, until further order of the Court, all papers submitted in support of this application, including the application and search warrant.  I believe that sealing this document is necessary because the items and information to be seized are relevant to an ongoing investigation and not all of the targets of this investigation will be searched at this time.  Premature disclosure of the contents of this affidavit and related documents may have a significant and negative impact on the continuing investigation and may severely jeopardize its effectiveness.

_J.R. Kraemer_

John Kraemer
Special Agent
United States Secret Service

Sworn to before me and signed in my presence
and/or by reliable electronic means.

_Elizabeth A. Stafford_

Honorable Elizabeth A. Stafford
United States Magistrate Judge
Eastern District of Michigan

Dated:_____May 20, 2020_____

13

AUSA Michael El-Zein (313) 226-9770
SA John Kraemer (202) 573-1540

# United States District Court

## EASTERN DISTRICT OF MICHIGAN

In the Matter of the Seizure of

**SEIZURE WARRANT**

**Any and all funds on deposit in BNF Bank Emirates, Islamic Bank, Dubai, UAE Account Number AE140340003707430528001 held in the name of Adel Mohammed Al Qasemi Adv & Legal up to and including the sum of Six Hundred Eighty-Five Thousand, Five Hundred Dollars and no cents ($685,500.00) and all proceeds traceable thereto.**

Case: 2:20−mc−50585-1
Assigned To : Murphy, Stephen J., III
Assign. Date : 5/20/2020
Description: SEALED MATTER (MAW)

TO: Agents of the United States Secret Services (USSS) and any Authorized Officer of the United States

Affidavit(s) having been made before me by Special Agent John Kraemer who has reason to believe that there is now certain property which is subject to forfeiture to the United States, namely

**Any and all funds on deposit in BNF Bank Emirates, Islamic Bank, Dubai, UAE Account Number AE140340003707430528001 held in the name of Adel Mohammed Al Qasemi Adv & Legal up to and including the sum of Six Hundred Eighty-Five Thousand, Five Hundred Dollars and no cents ($685,500.00) and all proceeds traceable thereto.**

I am satisfied that the affidavit(s) and any recorded testimony establish probable cause to believe that the property so described is subject to seizure, that grounds exist for the issuance of this seizure warrant and that a protective order pursuant to 21 U.S.C. § 853(e) may not be sufficient to assure the availability of the funds for criminal forfeiture. Authority to seize property located outside the district where the warrant is being issued is found in 18 U.S.C. § 982(b)(1), 21 U.S.C. § 853(l), and 28 U.S.C. § 1355(d).

YOU ARE HEREBY COMMANDED to seize within 14 days the property specified, by serving this warrant and making the seizure (in the daytime - 5:00 A.M. to 10:00 P.M.) or transmitting such request to the Department of Justice's Office of International Affairs, leaving a copy of this warrant and receipt for the property so seized and prepare a written inventory of the property seized and promptly return this warrant as required by law.

THE ABOVE-REFERENCED FINANCIAL INSTITUTION IS HEREBY COMMANDED to effect the seizure of the contents of the above-referenced account(s) and to refuse the withdrawal of any amount from said account(s) by anyone other than duly authorized law enforcement agents, promptly provide officers or contractors of the United States Secret Service and the United States Marshals Service with the current account balances, and continue to accrue any deposits, interest, dividends, and any other amount credited to said account(s) until the aforementioned law enforcement agents direct, in their discretion, that the contents of said account(s) be liquidated in an orderly fashion so as to maximize the value thereof

May 20, 2020
_____
Date

Detroit, Michigan

at 10:01 am

Honorable Elizabeth A. Stafford
**U.S. Magistrate Judge**

*Elizabeth A. Stafford*

**Signature of Judicial Officer**

AUSA Michael El-Zein (313) 226-9770
SA John Kraemer (202) 573-1540

**RETURN**

DATE WARRANT RECEIVED          DATE / TIME WARRANT EXECUTED

COPY OF WARRANT AND RECEIPT FOR ITEMS LEFT WITH

INVENTORY MADE IN THE PRESENCE OF

INVENTORY OF PROPERTY SEIZED PURSUANT TO THE WARRANT

**<u>CERTIFICATION</u>**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date_____

_____
Executing officer's signature

_____
Printed name and title

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

In Re:  SEALED MATTER

Case: 2:20−mc−50585-1
Assigned To : Murphy, Stephen J., III
Assign. Date : 5/20/2020
Description: SEALED MATTER (MAW)

_____/

**MOTION AND ORDER TO SEAL SEIZURE WARRANT**

THE UNITED STATES OF AMERICA requests that the investigation-related documents filed, consisting of a Seizure Warrant, application for a Seizure Warrant, accompanying affidavit, and this motion and order to seal, be sealed to avoid compromising an ongoing investigation, with two exceptions: (1) that the government be permitted, pursuant to its discovery obligations—Federal Rules of Criminal Procedure 16 and 26.2, 18 U.S.C. § 3500 (the Jencks Act), *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 450 U.S. 150 (1972), and the Court's Standing Order on Discovery—to produce the investigation-related documents at a later date to any criminal defendant who has standing to challenge a search or seizure authorized by these documents or who may need the investigation-related documents to prepare his or her defense against the charges; and (2) that the government be permitted to share these documents with the government of the United Arab Emirates to effectuate the seizure of these funds.

WHEREFORE, the government respectfully requests that the investigation-related documents described above be sealed until further order of the court.

MATTHEW SCHNEIDER
United States Attorney

*s/Michael El-Zein*
MICHAEL EL-ZEIN
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9770
michael.el-zein@usdoj.gov
P79182

Dated: May 20, 2020

**IT IS SO ORDERED.**

Elizabeth A. Stafford
United States Magistrate Judge

Entered: May 20, 2020

AUSA Michael El-Zein (313) 226-9770
SA John Kraemer (202) 573-1540

# United States District Court

## EASTERN DISTRICT OF MICHIGAN

In the Matter of the Seizure of

**Any and all funds on Deposit in Mashreq Bank, Dubai, United Arab Emirates, Account Number AE250330000019100172026 held in the name of P.Y.A Mwenze up to and including the sum of Three Million, Two Hundred Ninety Thousand Dollars and no cents ($3,290,000.00) and all proceeds traceable thereto.**

**APPLICATION FOR
SEIZURE WARRANT**

Case: 2:20−mc−50585-2
Assigned To : Murphy, Stephen J., III
Assign. Date : 5/20/2020
Description: SEALED MATTER (MAW)

I, John Kraemer, being duly sworn depose and say:

I am a Special Agent with the United States Secret Services (USSS) and have reason to believe that there is now certain property which is subject to forfeiture to the United States, namely

**Any and all funds on Deposit in Mashreq Bank, Dubai, United Arab Emirates. Account Number AE250330000019100172026 held in the name of P.Y.A Mwenze up to and including the sum of Three Million, Two Hundred Ninety Thousand Dollars and no cents ($3,290,000.00) and all proceeds traceable thereto.**
Which is subject to forfeiture to the United States of America under 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982(a)(1), and 28 U.S.C. § 2461(c).

The facts to support a finding of Probable Cause for issuance of a Seizure Warrant are as follows:

**See attached affidavit**

Continued on the attached sheet and made a part hereof.    _X_ yes        _____ no

_J.R. Kraemer_
Signature of Affiant

Sworn to before me and subscribed in my presence
And/or by reliable electronic means.

_May 20, 2020_        at
Date

_Detroit, Michigan_

**Honorable Elizabeth A.Stafford**
**U.S. Magistrate Judge**

_Elizabeth A. Stafford_
**Signature of Judicial Officer**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

**UNDER SEAL**

SEIZURE WARRANT AFFIDAVIT

**The following facts are sworn to by Affiant in support of the issuance of this Seizure Warrant:**

I, John Kraemer, being first duly sworn, hereby depose and say:

Affiant is a Special Agent with the United States Secret Service in Detroit, Michigan and has been employed in that capacity since March 2018. Affiant is currently assigned to fraud and cyber-crimes. Affiant's duties and responsibilities as a Special Agent include investigating violations of the United States Code concerning bank fraud and cyber investigations. Affiant has conducted numerous criminal investigations and more specifically, has been trained in the methods and traits commonly associated with bank and computer fraud. The information contained in this affidavit is based on Affiant's training, experience, and participation in financial crime investigations, as well as from personal observations during the course of this investigation. Information was also provided by law enforcement officers, bank investigators, and others who have personal knowledge of the events and circumstances described herein.

**PROPERTY FOR SEIZURE**

1.     This affidavit in is in support of seizure warrant for the following:

   a) all funds up to $3,290,000.00 in the Mashreq Bank, Dubai, United Arab Emirates ("UAE") Account #AE250330000019100172026 ("**Mashreq Bank 2026**"). The account holder is listed to P.Y.A Mwenze; and

1

b) all funds up to the amount of $685,500.00 in the BNF Bank Emirates, Islamic

Bank, Dubai, UAE Account # AE14034000370743052 8001 ("**BNF 8001**").

The account holder is listed as Adel Mohammed Al Qasemi Adv & Legal

(collectively, "Target Accounts").

**2.**      As set forth below, there is probable cause to believe that the funds contained in

the Target Accounts are subject to criminal forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C) and

28 U.S.C. § 2461(c), on the grounds that they contains property that constitutes or is derived

from proceeds traceable to violations of 18 U.S.C. § 1343, Wire Fraud.

**3.**      In addition, there is probable cause to believe that the funds contained in the Target

Accounts are subject to criminal forfeiture pursuant to 18 U.S.C. § 982(a)(1), on the grounds that

they constitute or are derived from proceeds traceable to violations of 18 U.S.C. §§ 1956 and

1957, and/or constitute property involved in money laundering in violation of 18 U.S.C. §§ 1956

and 1957.

## APPLICABLE CRIMINAL AND FORFEITURE STATUTES

**4.**      18 U.S.C. § 1343 makes it unlawful for anyone having devised or intending to

devise any scheme or artifice to defraud, or for obtaining money or property by means of false or

fraudulent pretenses, representations, or promises, to transmit, or cause to be transmitted by

means of wire, radio, or television communication in interstate or foreign commerce, any

writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice.

**5.**      18 U.S.C. § 1956(a)(1)(A)(i) makes it unlawful for anyone, knowing that the

2

property involved in a financial transaction represents the proceeds of some form of unlawful activity, to conduct or attempt to conduct a financial transaction with those funds with the intent to promote the carrying on of a specified unlawful activity.

6.      18 U.S.C. § 1956(a)(1)(B)(i) makes it unlawful for anyone, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, to conduct or attempt to conduct such a financial transaction which, in fact, involves the proceeds of specified unlawful activity, knowing that the transaction is designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds.

7.      18 U.S.C. § 1957 makes it unlawful for any person to knowingly engage or attempt to engage in a monetary transaction in criminally derived property of a value greater than $10,000 if the property is, in fact, derived from specified unlawful activity.

8.      18 U.S.C. § 981(a)(1)(C), together with 28 U.S.C. § 2461, provides for criminal forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of a specified unlawful activity, including Wire Fraud in violation of 18 U.S.C. § 1343.

9.      18 U.S.C. § 982(a)(1) provides for criminal forfeiture of any property involved in, or traceable to property involved in, a violation of 18 U.S.C. §§ 1956, 1957, or 1960.

10.     There is probable cause to believe that a protective order pursuant to 21 U.S.C. § 853(e) may not be sufficient to assure the availability of the funds in the accounts listed above for criminal forfeiture due to the dangers inherent in the movement of electronic funds and the

possibility that the accounts will become depleted or encumbered by the financial institutions involved or third parties.

**11.**     18 U.S.C. § 982(b)(1), 21 U.S.C. § 853(l), and 28 U.S.C. § 1355(d) authorize the seizure of property located outside of the district where the warrant is being issued.

## FACTS SUPPORTING PROBABLE CAUSE

**12.**     This affidavit is based on information your affiant developed during this investigation and information supplied from multiple sources, including, but not limited to: financial records, other law enforcement officers/agents, financial analysts, and bank investigators.

**13.**     Research by your affiant shows that Chika Obianwu is listed as the Chief Financial Officer of Touch of Fame Group Company.  According to open source research, the business address is listed as 400 Renaissance Center, Suite 2600, Detroit, MI 48243, but they also have a business address in Grosse Pointe, Michigan.  Oyeniran Oyewale, who has a residence in Rhode Island, is listed as the Secretary.  A further check shows that the Touch of Fame Detroit address is actually listed to Brown Box Branding, with a telephone number of 313-241-6742.  Your affiant has not found any evidence that Touch of Fame Group Company has a business at this address.

**14.**     Chika Obianwu opened a series of bank accounts: Fifth Third bank account number 7916696656, held in the name of Touch of Fame Group Company ("Fifth Third 6656"); and Fifth Third Bank account number 7915712405, held in the name of Touch of Fame Group

Company ("Fifth Third 2405"). These accounts were opened to receive funds directly through Vantiv Worldpay and/or had funds deposited between these accounts which can be traced back to Vantiv Worldpay from this fraud scheme. Vantiv Worldpay is a payment processing company that has offices throughout this country and the world. According to their website information, Vantiv processes payments for merchants and financial institutions, and also provides other business to business consumer services.

15.     Obianwu committed this fraud scheme by using a fictitious account at the Bank of New York Mellon. Your affiant has learned that Obianwu was able to use this fraudulent account to run payments through the Vantiv Worldpay merchant account system and then have those payments deposited into the above mentioned bank accounts. As mentioned previously, Obianwu is listed as the Chief Financial Officer of Touch of Fame Group which has a business address of 1312 Berkshire Rd., Grosse Pointe, MI 48230. Touch of Fame Group also lists an individual, identified as Jyde Adelakun, as the CEO. Touch of Fame also has an additional business address listed at 100 Bull St., Suite 400, Savannah, Georgia.

16.     Your affiant has learned that Touch of Fame Group has run approximately 329 fraudulent electronic checks through an electronic check processing terminal which is also registered in Georgia. The terminal in question has the same listed address in Georgia as the Touch of Fame Group business address, 100 Bull St., Suite 400, Savannah, Georgia. Your affiant has further learned that the registered owner of this check cashing terminal is a victim of identity theft.

17.    From August 14 – August 31, 2018, the electronic checks processed through this terminal totaled approximately $46 million dollars.

18.    The checks were processed through Vantiv Worldpay which is partially owned by Fifth Third Bank.  Obianwu, using the Touch of Fame business account, found a loophole in the electronic processing system of Vantiv Worldpay to commit this fraud with Adelakun and others. It takes Vantiv Worldpay six days to process electronic checks and verify that the funds are available.  Fifth Third would credit the accounts of the electronic check deposits in less than six days.  If a check was ultimately determined to be fraudulent by Vantiv Worldpay, the chargeback does not occur until the sixth day.

19.    The three Fifth Third accounts mentioned above were solely used by Obianwu to conduct the 329 fraudulent transactions.  Once the funds were in the account and available (but before the six day window was up that would determine they were fraudulent) Obianwu would authorize multiple wire transfers to the financial institutions mentioned above in this affidavit, as well as to financial institutions overseas.  Out of the $46 million dollars of fraudulent electronic checks that were attempted, approximately $15.3 million dollars of funds were illegally obtained by Obianwu, Adelakun, and others associated with Touch of Fame Group.  Your affiant further notes that Adelakun was a USSS subject in a similar fraud in 2015 with Bank of America accounts.  Adelakun, who resides in South Africa, was originally arrested in London, England, but was subsequently released.

## Financial Investigation

### Fifth Third 6656

**20.**     On June 19, 2018, Chika Chinwe Obianwu, opened a checking account (Fifth

Third bank account number 7916696656) held in the name of Touch of Fame Group Company at

Fifth Third Bank at the Grosse Point Park, Michigan branch with a $100.00 deposit ("Fifth Third

6656").  Obianwu opened the checking account in the name of Touch of Fame Group Company

and is the only individual on the signature card.

**21.**     A review of bank records of this account by your affiant does not show any

deposits from Vantiv Worldpay during the months of June and July 2018.  In August 2018, your

affiant notes that 8 deposits totaling approximately $10,442,689.25.  All of these deposits were

made into Fifth Third 6656 from Vantiv Worldpay.  In total, $10,442,689.25 was deposited into

Fifth Third 6656.

| DATE | AMOUNT |
| --- | --- |
| 8/16/2018 | $349,591.25 |
| 8/17/2018 | $30,323.50 |
| 8/20/2018 | $980,913.00 |
| 8/22/2018 | $1,267,237.00 |
| 8/24/2018 | $1,567,989.75 |
| 8/27/2018 | $1,541,539.25 |
| 8/28/2018 | $2,856,937.00 |
| 9/30/2018 | $1,848,158.50 |
| **TOTAL** | **$10,442,689.25** |

7

**22.** Your affiant has also reviewed bank records from Fifth Third 6656 for the month of September 2018. A review of these records shows that two deposits were made from Vantiv Worldpay to Fifth Third 6656. The first deposit occurred on September 5, 2018, in the amount of $2,275,361.75. The second deposit occurred on September 6, 2018, in the amount of $2,583,115.25. The total of these two deposits from Vantiv Worldpay into Fifth Third 6656 totals approximately $4,858,477.00. Your affiant notes that every one of these deposits made from Vantiv Worldpay by Obianwu was fraudulent.

**23.** In total, Fifth Third 6656 received approximately $10.4 million in fraudulent transfers from Vantiv Worldpay.

**24.** Your Affiant notes that on July 10, 2019, Obianwu gave a voluntary signed statement to USSS Agents. In the statement, Obianwu detailed how she set up the bank accounts at the request of Adelakun and that each transfer made by Obianwu was made as a result of instructions provided by Adelakun. Obianwu advised that Adelakun told her he was involved in the diamond excavating and oil business and needed her to set up accounts in Michigan as part of his business, Touch of Fame. Additionally, your affiant reviewed text messages from Obianwu's cellphone on a platform identified as "WhatsApp." Messages on here between Adelakun and Obianwu confirm that Adelakun was providing instructions to Obianwu regarding where to wire the fraudulent funds to as well as the amounts.

## Fifth Third 2405

**25.** As part of this investigation, your affiant has also reviewed bank records from Fifth Third Bank account number 7915712405, held in the name of Touch of Fame Group Company ("Fifth Third 2405"). The account was opened on July 20, 2018, in the name of Touch of Fame Group Company. Chika C. Obianwu is the sole signatory on this account. The account was opened with an initial deposit of $100.00 and there was no other activity in this account for the month of July 2018.

**26.** Bank records reveal that there were approximately 13 deposits from Fifth Third 6656 to Fifth Third 2405 totaling approximately $7,254,000.00 during the month of August 2018. Your affiant believes that Obianwu transferred the money from Fifth Third 6656 to Fifth Third 2405 to help disguise these proceeds from her fraud scheme. The below chart lists the transfers from Fifth Third 6656 to Fifth Third 2405:

| DATE | FROM | AMOUNT | TO |
|------------|----------------|-----------------|-----------------|
| 8/16/2018 | Fifth Third 6656 | $235,000.00 | Fifth Third 2405 |
| 8/17/2018 | Fifth Third 6656 | $11,000.00 | Fifth Third 2405 |
| 8/20/2018 | Fifth Third 6656 | $100,000.00 | Fifth Third 2405 |
| 8/20/2018 | Fifth Third 6656 | $740,000.00 | Fifth Third 2405 |
| 8/21/2018 | Fifth Third 6656 | $68,000.00 | Fifth Third 2405 |
| 8/22/2018 | Fifth Third 6656 | $1,000,000.00 | Fifth Third 2405 |
| 8/24/2018 | Fifth Third 6656 | $700,000.00 | Fifth Third 2405 |
| 8/27/2018 | Fifth Third 6656 | $50,000.00 | Fifth Third 2405 |
| 8/27/2018 | Fifth Third 6656 | $1,500,000.00 | Fifth Third 2405 |
| 8/28/2018 | Fifth Third 6656 | $100,000.00 | Fifth Third 2405 |
| 8/28/2018 | Fifth Third 6656 | $2,500,000.00 | Fifth Third 2405 |

| 8/30/2018 | Fifth Third 6656 | $200,000.00 | Fifth Third 2405 |
| 8/31/2018 | Fifth Third 6656 | $50,000.00 | Fifth Third 2405 |
| | | **TOTAL** | **$7,254,000.00** |

27. In September, your affiant notes that there were three transfers from Fifth Third 6656 to Fifth Third 2405 totaling approximately $4,750,000.00.

| DATE | FROM | AMOUNT | TO |
| --- | --- | --- | --- |
| 9/05/2018 | Fifth Third 6656 | $2,200,000.00 | Fifth Third 2405 |
| 9/06/2018 | Fifth Third 6656 | $2,500,000.00 | Fifth Third 2405 |
| 9/10/2018 | Fifth Third 6656 | $50,000.00 | Fifth Third 2405 |
| | | **TOTAL** | **$4,750,000.00** |

28. Bank records for the month of August 2018 show that there were 24 outgoing wires from Fifth Third 2405 totaling approximately $7,388,923.00. Your affiant has learned that a majority of these outgoing wires went to international destinations, including, but not limited to; Cape Town, Africa, Lagos, Nigeria, and Dubai, UAE.

**Mashreq Bank 2026**

29. A review of bank records of this account by your affiant shows that there were three transfers from Fifth Third 2405 into **Mashreq Bank 20206** between August 22, 2018, and September 5, 2018, totaling $3,290,000.00. As noted above, Fifth Third 2405 was opened by Obianwu at the direction of Adelakun. Your affiant believes that Obianwu transferred the money from Fifth Third 2405 to **Mashreq Bank 2026** help disguise these proceeds from the ongoing fraud scheme. The charts below show the details of these wire transfers:

10

| DATE | FROM | AMOUNT | TO |
|------|------|--------|----|
| 8/22/2018 | Fifth Third 2405 | $865,000.00 | PYA Mwenze / **Mashreq Bank 2026** |
| 8/28/2018 | Fifth Third 2405 | $1,560,000.00 | PYA Mwenze / **Mashreq Bank 2026** |
| 9/05/2018 | Fifth Third 2405 | $865,000.00 | PYA Mwenze / **Mashreq Bank 2026** |
|  |  | **Total** | **$3,290,000.00** |

30.     Your affiant knows through his experience and training that these types of bank frauds often involve the subjects transferring their illegal proceeds to banks overseas where the likelihood of recovery of those funds by law enforcement and/or U.S. banks is highly unlikely. Your affiant believes Obianwu's and Adelakun's pattern of activity with the transfer of funds is consistent with this illegal activity.

**BNF Bank 8001**

31.     A review of bank records of this account by your affiant shows that there was one transfer from Fifth Third 2405 into **BNF Bank 8001** in August 2018 for $685,500.00.  As noted above, Fifth Third 2405 was opened by Obianwu at the direction of Adelakun.  Your affiant believes that Obianwu transferred the money from Fifth Third 2405 to **BNF Bank 8001** to help disguise these proceeds from the ongoing fraud scheme.  The chart below show the details of this wire transfer:

| DATE | FROM | AMOUNT | TO |
|------|------|--------|----|
| 8/30/2018 | Fifth Third 2405 | **$685,500.00** | Adel Mohammed Al Qasemi / **BNF Bank 8001** |

11

32. Your affiant knows through his experience and training that these types of bank frauds often involve the subjects transferring their illegal proceeds to banks overseas where the likelihood of recovery of those funds by law enforcement and/or U.S. banks is highly unlikely. Your affiant believes Obianwu's and Adelakun's pattern of activity with the transfer of funds is consistent with this illegal activity.

## CONCLUSION

33. Based on the information contained in this affidavit, I respectfully request that the Court issue a warrant to seize the following accounts for criminal forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982(a)(1), and 28 U.S.C. § 2461(c):

a) all funds up to $3,290,000.00 in the Mashreq Bank, Dubai, UAE, Account #AE250330000019100172026; and

b) all funds up to the amount of $685,500.00 in the BNF Bank Emirates, Islamic Bank, Dubai, UAE, Account # AE140340003707430528001.

## REQUEST FOR SEALING

34. It is respectfully requested that this Court issue an order sealing, until further order of the Court, all papers submitted in support of this application, including the application and search warrant. I believe that sealing this document is necessary because the items and information to be seized are relevant to an ongoing investigation and not all of the targets of this investigation will be searched at this time. Premature disclosure of the contents of this affidavit and related documents may have a significant and negative impact on the continuing investigation and may severely jeopardize its effectiveness.

_J.R. Kraemer_
John Kraemer
Special Agent
United States Secret Service

Sworn to before me and signed in my presence
and/or by reliable electronic means.

_Elizabeth A. Stafford_
Honorable Elizabeth A. Stafford
United States Magistrate Judge
Eastern District of Michigan

Dated: _____May 20, 2020_____

13

AUSA Michael El-Zein (313) 226-9770
SA John Kraemer (202) 573-1540

# *United States District Court*

## EASTERN DISTRICT OF MICHIGAN

In the Matter of the Seizure of

**SEIZURE WARRANT**

**Any and all funds on Deposit in Mashreq Bank, Dubai, United Arab Emirates, Account Number AE25033000019100172026 held in the name of P.Y.A Mwenze up to and including the sum of Three Million, Two Hundred Ninety Thousand Dollars and no cents ($3,290,000.00) and all proceeds traceable thereto.**

Case: 2:20−mc−50585-2
Assigned To : Murphy, Stephen J., III
Assign. Date : 5/20/2020
Description: SEALED MATTER (MAW)

TO: Agents of the United States Secret Services (USSS) and any Authorized Officer of the United States

Affidavit(s) having been made before me by Special Agent John Kraemer who has reason to believe that there is now certain property which is subject to forfeiture to the United States, namely

**Any and all funds on Deposit in Mashreq Bank, Dubai, United Arab Emirates. Account Number AE25033000019100172026 held in the name of P.Y.A Mwenze up to and including the sum of Three Million, Two Hundred Ninety Thousand Dollars and no cents ($3,290,000.00) and all proceeds traceable thereto.**

I am satisfied that the affidavit(s) and any recorded testimony establish probable cause to believe that the property so described is subject to seizure, that grounds exist for the issuance of this seizure warrant and that a protective order pursuant to 21 U.S.C. § 853(e) may not be sufficient to assure the availability of the funds for criminal forfeiture. Authority to seize property located outside the district where the warrant is being issued is found in 18 U.S.C. § 982(b)(1), 21 U.S.C. § 853(l), and 28 U.S.C. § 1355(d).

YOU ARE HEREBY COMMANDED to seize within 14 days the property specified, by serving this warrant and making the seizure (in the daytime - 5:00 A.M. to 10:00 P.M.) or transmitting such request to the Department of Justice's Office of International Affairs, leaving a copy of this warrant and receipt for the property so seized and prepare a written inventory of the property seized and promptly return this warrant as required by law.

THE ABOVE-REFERENCED FINANCIAL INSTITUTION IS HEREBY COMMANDED to effect the seizure of the contents of the above-referenced account(s) and to refuse the withdrawal of any amount from said account(s) by anyone other than duly authorized law enforcement agents, promptly provide officers or contractors of the United States Secret Service and the United States Marshals Service with the current account balances, and continue to accrue any deposits, interest, dividends, and any other amount credited to said account(s) until the aforementioned law enforcement agents direct, in their discretion, that the contents of said account(s) be liquidated in an orderly fashion so as to maximize the value thereof

 May 20, 2020
Date       at  10:03 am

Detroit, Michigan

Honorable Elizabeth A. Stafford
**U.S. Magistrate Judge**

*Elizabeth A. Stafford*

**Signature of Judicial Officer**

AUSA Michael El-Zein (313) 226-9770
SA John Kraemer (202) 573-1540

## RETURN

DATE WARRANT RECEIVED          DATE / TIME WARRANT EXECUTED


COPY OF WARRANT AND RECEIPT FOR ITEMS LEFT WITH


INVENTORY MADE IN THE PRESENCE OF


INVENTORY OF PROPERTY SEIZED PURSUANT TO THE WARRANT


## **CERTIFICATION**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date_____                        _____
                                                                        Executing officer's signature

                                                                        _____
                                                                        Printed name and title

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

In Re:  SEALED MATTER

Case: 2:20−mc−50585-2
Assigned To : Murphy, Stephen J., III
Assign. Date : 5/20/2020
Description: SEALED MATTER (MAW)

_____/

**MOTION AND ORDER TO SEAL SEIZURE WARRANT**

THE UNITED STATES OF AMERICA requests that the investigation-related documents filed, consisting of a Seizure Warrant, application for a Seizure Warrant, accompanying affidavit, and this motion and order to seal, be sealed to avoid compromising an ongoing investigation, with two exceptions: (1) that the government be permitted, pursuant to its discovery obligations—Federal Rules of Criminal Procedure 16 and 26.2, 18 U.S.C. § 3500 (the Jencks Act), *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 450 U.S. 150 (1972), and the Court's Standing Order on Discovery—to produce the investigation-related documents at a later date to any criminal defendant who has standing to challenge a search or seizure authorized by these documents or who may need the investigation-related documents to prepare his or her defense against the charges; and (2) that the government be permitted to share these documents with the government of the United Arab Emirates to effectuate the seizure of these funds.

WHEREFORE, the government respectfully requests that the investigation-related documents described above be sealed until further order of the court.

MATTHEW SCHNEIDER
United States Attorney

*s/Michael El-Zein*
MICHAEL EL-ZEIN
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9770
michael.el-zein@usdoj.gov
P79182

Dated: May 20, 2020

**IT IS SO ORDERED.**

Elizabeth A. Stafford
United States Magistrate Judge

Entered: May 20, 2020